UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARNOLD ANDREW KELLY,

    Plaintiff,

v.                                    CASE NO. 6:16-cv-1149-Orl-40MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant's Opposed Motion for Entry of Judgment with Remand ("Motion") (Doc. 17) and Plaintiff's Response thereto (Doc. 18). Defendant seeks an order remanding this case to the Administrative Law Judge ("ALJ") to reconsider Plaintiff's claim and issue a new decision. Defendant states that, on remand, the ALJ should be directed to further consider and explain the weight accorded to the medical opinion evidence of record, including the opinion of the non-examining State agency consultant, James A. Brown, Ph.D. Plaintiff responds that this case should be reversed and remanded

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

for an award of benefits, not for further administrative proceedings, because Plaintiff has suffered an injustice and because the evidence of record demonstrates that he has been disabled since he originally filed his application.[2] For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED in part** and **DENIED in part**.

I.  **Background**

On May 22, 2007, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging that his disability began on June 2, 2005.[3] (Tr. 115.) Plaintiff's SSI application was denied initially and on reconsideration. (Tr. 56-57, 63-64.) Plaintiff requested a hearing by an ALJ, which was granted, and the hearing was held on April 28, 2010 before ALJ Gerald Murray. (Tr. 28-49, 65, 92.) On May 19, 2010, ALJ Murray issued a decision finding Plaintiff not disabled since May 22, 2007, the date the application was filed. (Tr. 10-27.) On March 1, 2012, after receiving additional evidence from Plaintiff, the Appeals Council denied Plaintiff's request for review of the ALJ's May 19, 2010 decision.[4] (Tr. 1-

---

[2] In the event the Court finds that this case should be remanded for further proceedings, Plaintiff requests that a reasonable time limit of 120 days be imposed on the Commissioner to complete the administrative proceedings due to the extraordinary amount of time that has passed since Plaintiff originally filed his application.

[3] On May 22, 2007, Plaintiff also filed an application for a period of disability and disability insurance benefits ("DIB"). (Tr. 122-23.) However, this claim was denied on May 27, 2007, and the denial was not appealed. (*See* Tr. 88-90.)

[4] While Plaintiff's case was pending with the Appeals Council, Plaintiff filed new applications for SSI and DIB benefits on August 6, 2010, which were denied on
(continued...)

5.) Accordingly, the ALJ's May 19, 2010 decision became the final decision of the Commissioner.

On March 29, 2012, Plaintiff commenced a timely action in this Court under 42 U.S.C. §§ 405(g) and 1383(c)(3), to review the Commissioner's final decision.[5] (*See* Doc. 1 in 3:12-cv-346-J-32MCR; *see also* Tr. 763.) On February 7, 2013, this Court reversed and remanded the Commissioner's May 19, 2010 decision for further administrative proceedings. (Tr. 759-76.) On May 22, 2013, the Appeals Council entered an Order remanding the case to the ALJ for further proceedings consistent with this Court's Order. (Tr. 779-80.) Because Plaintiff was already found to be disabled as of April 10, 2012, the issue before the ALJ on remand was whether Plaintiff was under a disability prior to April 10, 2012. (Tr. 779.)

On September 16, 2013, ALJ Gregory Froehlich presided over the second administrative hearing. (Tr. 661-88.) On February 25, 2014, ALJ Froehlich issued a decision finding Plaintiff not disabled from May 22, 2007 through April 9, 2012. (Tr. 640-50.) ALJ Froehlich's decision became final 60 days later when the Appeals Council decided not to exercise its right to review. (*See* Tr. 1435.)

---

[4](...continued)
December 6, 2010 and August 13, 2010, respectively. (Tr. 847-53 (SSI application), 854-58 (DIB application), 787-89 (SSI denial), 783-85 (DIB denial).)

[5] While Plaintiff's case was pending in the District Court, Plaintiff filed a third application for SSI on April 12, 2012. (Tr. 859-62.) On July 23, 2013, the Social Security Administration issued a Notice of Award, finding Plaintiff disabled as of April 10, 2012. (Tr. 792-805.)

3

On May 12, 2014, Plaintiff commenced a second action in this Court under 42 U.S.C. §§ 405(g) and 1383(c)(3), to review the Commissioner's final decision dated February 25, 2014. (*See* Doc. 1 in 3:14-cv-545-J-25JRK; Tr. 1434.) On July 23, 2015, this Court reversed and remanded the case for further administrative proceedings. (Tr. 1438-62.) The Court directed the ALJ, *inter alia*, to:

> Reevaluate the evidence with respect to Dr. Brown's opinion and state the weight it is given. If the ALJ decides to discount Dr. Brown's opinion, adequate reasons supported by substantial evidence should be articulated.[6]

(Tr. 1461.) The Court stated, in relevant part: "Dr. Brown's opinion, albeit retrospective, is chronologically relevant; the ALJ's decision, that fails to even mention Dr. Brown's opinion, is not supported by substantial evidence." (Tr. 1451.) On September 14, 2015, the Appeals Council entered an Order remanding the case to the ALJ for further proceedings "consistent with the order of the court." (Tr. 1465.)

On March 3, 2016, ALJ Froehlich conducted another administrative hearing (*i.e.*, Plaintiff's third hearing). (Tr. 1410-33.) On April 19, 2016, ALJ Froehlich issued a decision finding Plaintiff not disabled from May 22, 2007, the date the

---

[6] On July 12, 2012, Dr. Brown opined that Plaintiff's severe paranoid schizophrenia met the criteria of Listing 12.03-AB Schizophrenia and Other Psychotic Disorders. (Tr. 753-54.) He noted that Plaintiff's allegations appeared credible and severely debilitating, and that in his activities of daily living, Plaintiff was "severely, psychologically impaired; probably not emotionally/psychologically capable of functioning outside his home at this time." (Tr. 753.)

application was filed, through April 9, 2012, the day prior to the day Plaintiff was found to be disabled. (Tr. 1336-46.) Despite this Court's July 23, 2015 Order and the Appeals Council's September 14, 2015 Order, both of which directed the ALJ to re-evaluate Dr. Brown's opinion and state the weight given to that opinion, the ALJ gave no indication that he considered Dr. Brown's opinion.[7] (*See* Tr. 1338-46.) Rather, it appears that the ALJ actually denied the existence of Dr. Brown's opinion when he stated that "[n]o acceptable . . . non-examining medical source has stated that a listing is met or medically equaled by the claimant's impairment(s)."[8] (Tr. 1339.) ALJ Froehlich's decision became final 60 days later when the Appeals Council decided not to exercise its right to review. (*See* Doc. 1 in 6:16-cv-1149-Orl-40MCR.)

On June 27, 2016, Plaintiff commenced a third action in this Court (*i.e.*, the present action) under 42 U.S.C. §§ 405(g) and 1383(c)(3), to review the Commissioner's final decision dated April 19, 2016. (*See* Doc. 1 in 6:16-cv-1149-Orl-40MCR.) On January 12, 2017, the Commissioner filed the present Motion, to which Plaintiff responded on January 23, 2017. (Docs. 17, 18.) The Motion

---

[7] Dr. Brown was mentioned in the ALJ's decision only once, on page one of the decision: "Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to reevaluate the opinions of Dr. Brown and Dr. Barber and to hold a new hearing." (Tr. 1336.) There is no other mention of Dr. Brown or his opinion in the ALJ's decision.

[8] At the March 3, 2016 hearing, Plaintiff's attorney reminded the ALJ that pursuant to the remand order, Dr. Brown's opinion had to be addressed, and noted that Dr. Brown indicated that Plaintiff met Listing 12.03. (Tr. 1430.)

was referred to the undersigned for a report and recommendation.

**II. Discussion**

Defendant seeks an order reversing and remanding this case so that the ALJ has another opportunity to consider and explain the weight accorded to Dr. Brown's opinion. Plaintiff agrees that a reversal and remand is appropriate but not for further administrative proceedings, but rather for an award of benefits. Plaintiff argues that an award of benefits is appropriate here for two reasons: one, because the evidence of record demonstrates that Plaintiff has been disabled since he originally filed his application; and two, because Plaintiff has suffered an injustice due to the extraordinary amount of time that has passed since Plaintiff originally filed his application. Plaintiff explains:

> The ALJ apparently did not read this Court's remand order. . . . This Court has remanded [Plaintiff's] case to the Commissioner on two separate occasions for further administrative proceedings. Mr. Kelly's case has been going on for over **nine years**. He has appeared at three hearings before two different ALJs. His case is in this Court on appeal for the third time. Mr. Kelly still has not received a fair administrative hearing or decision based on the correct legal standards. The Social Security Administration "is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion."

(Doc 18. at 3-4 (emphasis in original) (internal citations omitted).)

As stated recently in *Moran v. Commissioner of Social Security*, Case No. 6:15-cv-1065-Orl-40TBS (M.D. Fla. Feb. 22, 2016) (report and recommendation adopted May 31, 2016):

> In Social Security cases, the proper remedy for errors committed during the administrative process is a remand for further proceedings, but the Commissioner does not enjoy endless opportunities to get it right. It is extremely rare for the Court to remand a social security case solely for an award of benefits[,] but it may do so when repeated remands, the failure of the Commissioner to follow the court's remand instructions, the Commissioner's inability to carry his burden of proof, the existence of extraordinary delay, or a combination of these factors override the need for further administrative proceedings. Any one of these equitable considerations, by itself, provides sufficient basis for a remand for benefits.

*Id.* at 7 (internal citations and quotation marks omitted).

The court in *Moran* found the Commissioner's mishandling of the case to be unconscionable. *Id.* at 10. The court explained:

> Plaintiff has now had three administrative hearings and each time the ALJ has committed reversible error. These mistakes were compounded by the Appeals Council which twice reviewed the case without correcting the ALJ's errors. The case is now on appeal to this Court for the third time. The last two times the Court, after considering the merits of Plaintiff's challenge to the Commissioner's denial of benefits, reversed and remanded with specific instructions. Each time, the Commissioner failed to follow the Court's remand instructions.
> . . . The delays which have resulted from the Commissioner's mistakes have kept this case in the pipeline for almost ten years during which time Plaintiff has not received a fair hearing, or benefits. To send the case back to the Commissioner for a fourth time will only further delay Plaintiff's application. The Commissioner is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard. Fairness demands that the review process end at some point.

*Id.* at 9-10 (internal citations and quotation marks omitted).

The undersigned finds *Moran* instructive and analogous to the present

case. Here, as in *Moran*, Plaintiff has had three administrative hearings by two different ALJs and each time the ALJ committed a reversible error. The Appeals Council failed to correct the error and now the case is on appeal to this Court for the third time. The last two times, this Court reversed and remanded with specific instructions to the Commissioner, and each time the Commissioner failed to follow the Court's instructions.

Of note, on July 23, 2015, this Court expressly directed the ALJ to re-evaluate Dr. Brown's opinions and state the weight accorded to those opinions. (Tr. 1461.) In its remand Order, the Appeals Council remanded the case for further proceedings consistent with the Court's July 23, 2015 Order. (Tr. 1465.) At the subsequent administrative hearing held on March 3, 2016, Plaintiff's counsel reminded the ALJ that pursuant to the remand Orders, Dr. Brown's opinion needed to be addressed. (Tr. 1430.) The ALJ's last decision, dated April 19, 2016, acknowledged that Dr. Brown's opinion needed to be re-evaluated pursuant to the remand Orders of the District Court and the Appeals Council (Tr. 1336), but the ALJ nevertheless failed to address Dr. Brown's opinion, let alone assign weight to the opinion and provide explicit reasons therefor. The ALJ has clearly disregarded this Court's remand Order and the Appeals Council's subsequent Order. While this case has been pending for almost ten years now,[9]

---

[9] There is no indication that the delay was attributable to any error on Plaintiff's part.

Plaintiff has not received a fair hearing or benefits.

As in *Moran*, to send the case back to the Commissioner for a fourth time will only delay Plaintiff's application. *See Moran*, Case No. 6:15-cv-1065-Orl-40TBS, at *10. Given the history of this case and the Commissioner's errors, the undersigned agrees with Plaintiff that he has suffered an injustice, and "there is no reason to believe that a remand for further proceedings would produce a final decision supported by substantial evidence and which applied the correct legal standards." *Quanstrom v. Comm'r of Soc. Sec.*, Case No. 6:15-cv-990-Orl-37GJK, 2016 U.S. Dist. LEXIS 92188, *28 n.10 (M.D. Fla. June 23, 2016) (report and recommendation adopted July 15, 2016); *see also Weary v. Comm'r of Soc. Sec.*, Case No. 6:14-cv-1742-Orl-GJK, 2016 U.S. Dist. LEXIS 33081, *22-23 (M.D. Fla. Mar. 15, 2016) (finding that claimant suffered an injustice and remanding the case for an award of benefits where, after three administrative hearings and a prior remand order specifically identifying the legal and evidentiary problems, which the ALJ seemingly ignored, Plaintiff had yet to receive a final decision applying the correct legal standards); *Trivett v. Comm'r of Soc. Sec.*, Case No. 5:12-cv-534-Oc-PRL, 2013 U.S. Dist. LEXIS 177411, *21-23 (M.D. Fla. Dec. 17, 2013) ("Approximately nine years have passed since Plaintiff applied for benefits, during which time there have been four administrative hearings, one remand by the Appeals Council, and two remands by this Court. The substantial delays in this case were caused by 'deficiencies that were not

attributable to Plaintiff's error.' If the Court remands for further administrative proceedings, Plaintiff will be faced with an even longer delay, without any assurance that the Commissioner finally will get it right. . . . Under these circumstances, the undersigned finds that the nine year delay that Plaintiff has experienced thus far is unconscionable and that this case should be remanded for an award of benefits.") (internal citations omitted).[10]

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  The Motion (**Doc. 17**) be **GRANTED** only to the extent that it seeks a reversal pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and **DENIED** in all other respects.

2.  The Commissioner's decision that Plaintiff was not disabled from May 22, 2007 through April 9, 2012, be **REVERSED**.

3.  This case be **REMANDED** to the Commissioner for the calculation and payment of past-due benefits to Plaintiff from May 22, 2007 through April 9, 2012, in accordance with the Social Security Act and Federal Regulations, which shall be completed within **60 days** from the date of judgment entered in this

---

[10] The undersigned does not address Plaintiff's argument of disability without any doubt, because this argument was not adequately developed. (*See* Doc. 18 at 4-5 (merely stating that "the evidence of record demonstrates that Mr. Kelly has been disabled since he originally filed for benefits").) Moreover, a claimant is disabled without any doubt where the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Here, the ALJ has not even considered Dr. Brown's opinion.

action.[11]

    4.    The Clerk of Court be **directed** to enter the following judgment and thereafter close the file:

> Judgment is entered in favor of Plaintiff, Arnold Andrew Kelly, and against Defendant, Acting Commissioner of the Social Security Administration. The Commissioner's final decision is REVERSED pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is REMANDED for the calculation and payment of past-due benefits to Plaintiff from May 22, 2007 through April 9, 2012, in accordance with the Social Security Act and Federal Regulations. The Commissioner shall complete the calculation and payment of past-due benefits within 60 days from the date of this Judgment.
>
> **DONE AND ENTERED** at Jacksonville, Florida, on May 4, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Paul G. Byron
United States District Judge

Counsel of Record

---

[11] The undersigned recommends that a 60-day deadline be imposed, because as in *Moran*, the undersigned is not entirely confident that the Commissioner will complete her duties in a timely manner.

11