**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ARNOLD ANDREW KELLY,

       Plaintiff,

v.                                   Case No:  6:16-cv-1149-Orl-40MCR

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## ORDER

This cause comes before the Court on the Commissioner's Opposed Motion for Entry of Judgment with Remand (Doc. 17), filed January 12, 2017.  On May 4, 2017, Magistrate Judge Monte C. Richardson submitted a Report and Recommendation in which he recommends that the Commissioner's motion be granted in part and denied in part, that the Commissioner's decision be reversed, and that this case be remanded to the Commissioner solely for the purpose of calculating and paying past-due benefits to Plaintiff.  (Doc. 19).  On May 18, 2017, the Commissioner filed her Objection to the Magistrate Judge's Report and Recommendation (Doc. 20), and on June 1, 2017, Plaintiff responded (Doc. 21).  This matter is ripe for review.

## I.    BACKGROUND

In his Report and Recommendation, the Magistrate Judge thoroughly recounted the factual background and procedural history giving rise to this action, and the Commissioner does not object to that recitation of the facts.  The undersigned therefore only briefly summarizes that this case emanates out of Plaintiff's nine-year trek to receive

Supplemental Security Income benefits and the Commissioner's repeated failure to properly evaluate certain medical opinion evidence in the record, despite this Court's prior instructions. The instant action revolves around the Commissioner's most recent failure.

Recognizing that the Commissioner again failed to properly evaluate the medical opinion evidence at issue, the Commissioner moves to remand the case for another try. However, the Magistrate Judge found that, after nine years, "there is no reason to believe that a remand for further proceedings would produce a final decision supported by substantial evidence and which applied the correct legal standards." (Doc. 19, p. 9) (citation omitted). As a result, the Magistrate Judge recommends that this case be remanded solely for the calculation and payment of past-due benefits to Plaintiff. The Magistrate Judge further determined that a sixty-day deadline should be imposed on the Commissioner to complete the task. The Commissioner now objects to the Magistrate Judge's recommended disposition.

## II.    STANDARD OF REVIEW

A district judge may designate a magistrate judge to hear and determine both dispositive and non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a), (b). When a magistrate judge has been designated to decide a matter that is dispositive in nature, as is the case here, the magistrate judge must issue a report to the district judge specifying the magistrate judge's proposed findings of fact and recommended disposition. Fed. R. Civ. P. 72(b)(1). Any party who disagrees with the magistrate judge's recommended decision has fourteen days from the date of the recommendation to seek the district judge's review by filing objections to those specific portions of the recommendation disagreed with. Fed. R. Civ. P. 72(b)(2). The district judge must then

make a de novo determination of each issue to which objection is made. Fed. R. Civ. P. 72(b)(3). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (per curiam). The district judge may then accept, reject, or modify the magistrate judge's recommendation, receive additional evidence or briefing from the parties, or return the matter to the magistrate judge for further review. Fed. R. Civ. P. 72(b)(3).

## III.  DISCUSSION

The Commissioner does not object to the Magistrate Judge's recommendation that this case be remanded solely for the calculation and payment of past-due benefits to Plaintiff. Rather, the Commissioner's objection is limited to the imposition of a sixty-day deadline for the Commissioner to complete the task. The Commissioner contends that courts should not prescribe mandatory deadlines for agency action.

The undersigned finds the Commissioner's argument unavailing for the reasons articulated by Plaintiff in his response brief and in this Court's prior decision in *Moran v. Commissioner of Social Security*, No. 6:15-cv-1065-Orl-40TBS, Doc. 25 (M.D. Fla. Feb. 22, 2016). The undersigned shares Magistrate Judge Richardson's dismay regarding the Commissioner's gross mishandling of Plaintiff's application for benefits and the amount of delay caused as a result. Based on how this case has proceeded, there is no reason to believe that the Commissioner would perform her task in a timely manner without a court-imposed deadline and under threat of sanction. *See Cooter v. Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (holding that federal courts "may consider collateral issues after an action is no longer pending," such as awards of attorney's fees and costs, the commencement of contempt proceedings, and the imposition of sanctions due to

misconduct).  In the interests of justice and in order to avoid further delay, sixty days is an appropriate and reasonable deadline to calculate the amount owed to Plaintiff.  The Commissioner's objection will be overruled.

## IV.    CONCLUSION

Upon an independent de novo review of the record, it is **ORDERED AND ADJUDGED** as follows:

1. The Commissioner's Objection to the Magistrate Judge's Report and Recommendation (Doc. 20) is **OVERRULED**.

2. The Magistrate Judge's May 4, 2017 Report and Recommendation (Doc. 19) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Commissioner's Opposed Motion for Entry of Judgment with Remand (Doc. 17) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted to the extent it seeks reversal pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3).  The motion is otherwise denied.

4. The Commissioner's decision that Plaintiff was not disabled from May 22, 2007 through April 9, 2012 is **REVERSED**.

5. This case is **REMANDED** to the Commissioner for the calculation and payment of past-due benefits to Plaintiff from May 22, 2007 through April 9, 2012, in accordance with the Social Security Act and Federal Regulations. The Commissioner shall complete the calculation and payment of past-due benefits within **sixty (60) days** from the date Judgment is entered in this case.

6. The Clerk of Court is **DIRECTED** to enter the following Judgment:

Judgment is entered in favor of Plaintiff, Arnold Andrew Kelly, and against Defendant, Commissioner of the Social Security Administration. The Commissioner's final decision is REVERSED pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is REMANDED for the calculation and payment of past-due benefits to Plaintiff from May 22, 2007 through April 9, 2012, in accordance with the Social Security Act and Federal Regulations. The Commissioner shall complete the calculation and payment of past-due benefits within sixty (60) days from the date of this Judgment.

7. The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on June 19, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record