UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARNOLD ANDREW KELLY,

    Plaintiff,

v.                                            CASE NO. 6:16-cv-1149-Orl-40MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees ("Motion") (Doc. 26). Plaintiff makes a timely request for an award of $3,198.31 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.*) For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**.

EAJA sets forth the following requirements for the award of fees:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . ,

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

> including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make the award unjust. In addition, Plaintiff states that his net worth at the time this proceeding was filed was less than $2,000,000. Thus, an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's attorneys' rate was $192.67 per hour for work done in 2016 and 2017. As this rate is higher than the statutory maximum, Plaintiff's attorneys are seeking a cost of living adjustment. Defendant does not object to the requested rate. In light of the lack of opposition, the undersigned finds this hourly rate reasonable and the cost of living adjustment warranted.[2] The undersigned also finds reasonable the number of hours spent by Plaintiff's attorneys on the case. The undersigned thus finds that $3,198.31 (2.4 hours x $192.67 + 14.2 hours x $192.67) is a reasonable amount for attorney's fees in this case.

The parties agree that after the Court awards EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government; if the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the Government will accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 26**) be **GRANTED**.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,198.31 for attorney's fees.

3. The Commissioner be directed to determine whether Plaintiff owes a

---

[2] Were this hourly rate contested, the Court's determination regarding the reasonableness of the rate might be different.

debt to the government; if the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the Government be directed to accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

**DONE AND ENTERED** at Jacksonville, Florida, on September 5, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Paul G. Byron
United States District Judge

Counsel of Record