UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARNOLD ANDREW KELLY,

    Plaintiff,

v.                                                    CASE NO. 6:16-cv-1149-Orl-40MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") (Doc. 30). Mr. Culbertson makes a timely request for an award of $6,203.53 in attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). (*Id.*) Defendant does not oppose the Motion. (*Id.* at 3.) For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

**I.     Background**

On June 27, 2016, Plaintiff filed a Complaint in this Court, appealing the Commissioner's denial of Supplemental Security Income benefits.  (Doc. 1.)  On June 19, 2017, the Court reversed the Commissioner's decision, pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remanded the case for the calculation and payment of past-due benefits to Plaintiff from May 22, 2007 through April 9, 2012, in accordance with the Social Security Act and Federal Regulations.  (Doc. 22.)  On September 20, 2017, the Court granted Plaintiff's Unopposed Motion for Attorney's Fees, and awarded Plaintiff's counsel fees in the amount of $3,198.31 for 16.6 attorney hours, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (*See* Doc. 28.)

On remand, Plaintiff was found disabled and, pursuant to 42 U.S.C. § 406(b), the Commissioner set aside $9,401.84 in escrow for the possible payment of attorney's fees.  (Doc. 30-2 at 1.)  This amount represents 25 percent of Plaintiff's past-due benefits in the sum of $37,607.36 for the period June 2007 to April 2012.  (*Id.*)  Plaintiff's attorney now seeks $6,203.53 ($9,401.84 minus the previously awarded EAJA fee in the amount of $3,198.31), pursuant to the contingent fee contract with Plaintiff.[2]  (Doc. 30.)

---

[2] The contract, which is attached to the Motion, provides in part:

If the court renders a judgment reversing or remanding the administrative decision denying benefits and claimant is ultimately awarded past due

(continued...)

**II.     Standard**

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to

---

[2](...continued)
benefits, claimant agrees to pay a fee of 25 percent of the total of the past-due benefits to which the claimant is entitled.
. . .
If, within attorney's sole discretion, a claim for fees under EAJA is justified, then he shall file a claim for said fees against the government in the Federal Court. Any attorneys' fees awarded by the court that are paid by the government and retained by Richard A. Culbertson will be applied to reduce the amount of attorneys' fees that would otherwise be due from claimant's past-due benefits. If the amount paid by the government exceeds 25 percent of claimant's past due benefits, then no amount will be due for attorneys' fees. If the amount paid by the government is less than 25 percent of claimant's past due benefits, then the difference will be due as agreed to above. . . .
This agreement applies to attorney's representation of claimant in Federal Court. It does not cover or include any representation before the Social Security Administration.

(Doc. 30-1.)

> assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case." *Id.*

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III. Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay his attorney 25 percent of his past-due benefits. (Doc. 30-1.) Plaintiff's counsel's request for an award of 25 percent of Plaintiff's past-due benefits, pursuant to that contract, less the EAJA fees, is within the statutory maximum.

Therefore, the Court finds the contract presumptively reasonable.

Moreover, the Court finds no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's attorney provided professional and skilled representation, resulting in an award of past due benefits in excess of $37,600. The Court also finds that counsel promptly prosecuted this case and created no undue delay.

Further, the Court does not find the requested fee to be disproportionately large in relation to the total amount of time counsel spent on this case (16.6 hours). While counsel's rate in this case equates to $373.71 per hour (after reimbursement of any EAJA fees) or $566.38 per hour (before reimbursement of the EAJA fee), such rates are in line with the rates awarded in other contingency fee cases and, therefore, will not lead to a windfall.[3] *See, e.g.*, *Foster v. Astrue*, Case No. 3:08-cv-960-J-12JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v. Astrue*, Case No. 3:06-cv-438-J-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, *6-7 (M.D. Fla.

---

[3] As the Commissioner has not objected to the instant fee request, this decision should not be viewed as precedent in a case where the rate is contested.

Sept. 30, 2008) (approving a contingency fee, which amounted to $1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, Case No. 3:06-cv-369-J-HTS, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, Case No. 2:03-cv-687-FTM-29DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, Case No. 6:02-cv-458-Orl-22KRS (Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

There are no other potential reasons to reduce the fee.  Therefore, because the undersigned finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, the undersigned recommends that Plaintiff's attorney be awarded a net fee of $6,203.53.  *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 30**) be **GRANTED**.  The Commissioner be directed

to pay to Plaintiff's attorney, Mr. Culbertson, the sum of $6,203.53 for § 406(b) fees, out of Plaintiff's past-due benefits.

    2.    The Clerk of Court be directed to enter judgment accordingly.

**DONE AND ENTERED** at Jacksonville, Florida, on February 25, 2019.

                                   MONTE C. RICHARDSON
                            UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Paul G. Byron
U.S. District Judge

Counsel of Record